RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0267p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

MARCUS MARTIN,

*Plaintiff-Appellant,*

*v.*

No. 17-1897

HON. PAUL J. SULLIVAN; TIMOTHY M. DOYAL; LEE A. SOMERVILLE,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:17-cv-10815—Denise Page Hood, District Judge.

Decided and Filed: November 22, 2017

Before: KEITH, COOK, and THAPAR, Circuit Judges.

_____

**ORDER**

_____

PER CURIAM. Marcus Martin, proceeding pro se, filed a late notice of appeal. In response to a show cause order, he claims that he did not receive timely notice of the underlying judgment. But Federal Rule of Appellate Procedure 4(a)(6) requires Martin to seek relief in the district court. He did not. We therefore lack jurisdiction over his appeal.

The losing party in a civil case has a right to appeal, but the right does not last forever. Federal Rule of Appellate Procedure 4(a) and its statutory counterpart, 28 U.S.C. § 2107, set out a strict timetable. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). As a baseline, the losing party has thirty days to file a notice of appeal after entry of an adverse judgment. Fed. R. App. P.

4(a)(1)(A); *accord* 28 U.S.C. § 2107(a).  There are only two circumstances in which the party can move the district court for more time.  First, it can move for an extension under Rule 4(a)(5) based on "excludable neglect or good cause."  Fed. R. App. P. 4(a)(5); *accord* 28 U.S.C. § 2107(c).  Or alternatively, it can move to reopen the time to file an appeal under Rule 4(a)(6) if it did not receive proper notice of the underlying judgment.  Fed. R. App. 4(a)(6); *accord* 28 U.S.C. § 2107(c).

Both options for extending the time to file an appeal require a "motion" in which the losing party asks the district court for more time.  Fed. R. App. P. 4(a)(5)(A)(ii), 4(a)(6)(B); *accord* 28 U.S.C. § 2107(c).  This "motion" is not the same thing as the "notice" a party must file to appeal.  *Compare* Fed. R. App. P. 4(a)(1)(A), *and* 28 U.S.C. § 2107(a), *with* Fed R. App. P. 4(a)(5)(A)(ii), 4(a)(6)(B), *and* 28 U.S.C. § 2107(c).  And the rulemakers did not vest the district court with power to extend time without a motion in civil cases, despite empowering it to do so in criminal appeals.  Fed. R. App. P. 4(b)(4) (permitting extension of time to file an appeal in a criminal case "with or without motion and notice").  Thus, both the text and structure of Rule 4(a) and 28 U.S.C. § 2107 provide that if a losing party wants more time to file an appeal, it must file a motion in the district court asking for more time.

A notice of appeal and a motion are two different things.  So, it follows that merely filing a notice of appeal does not amount to a motion for more time to file an appeal.  This court has held as much with regard to Rule 4(a)(5).  *Pryor v. Marshall*, 711 F.2d 63, 64–65 (6th Cir. 1983).  In fact, every circuit to have considered the issue has held that a notice of appeal does not serve as a "motion" for purposes of Rule 4(a)(5).  16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3950.3 n.54 (4th ed. 2017) (collecting cases).

This case presents the question whether there is any reason to treat Rule 4(a)(6) differently.  And we see none.  Like Rule 4(a)(5), the text of the rule requires a motion, and that text controls.  Here, Martin did not move the district court to reopen the time to file an appeal.  Instead, he simply filed a notice of appeal.  Under Rule 4(a)(6), we cannot construe his notice of appeal as a motion to reopen his time to appeal.  His appeal must therefore be dismissed.

In so holding, we join with the well-reasoned decision of the Third Circuit in *Poole v. Family Court of New Castle County*, 368 F.3d 263 (3d Cir. 2004). There, the court concluded that it was without power to construe a notice of appeal as a motion to reopen the time to file an appeal, even though, as here, a pro se litigant had filed the notice. *Id.* at 269. In reaching this conclusion, the Third Circuit properly rejected the reasoning of circuits that have held otherwise. *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997); *see also United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011); *Ogden v. San Juan Cty.*, 32 F.3d 452, 454 (10th Cir. 1994). As the Third Circuit explained, the text's instructions to file motions apply equally in both circumstances. *Poole*, 368 F.3d at 267–68. Nor is there any meaningful difference between the groups of potential appellants that might seek relief under Rules 4(a)(5) and 4(a)(6), especially in light of the rules' similar language. *Id.* at 268. Moreover, the fact that Martin is pro se does not excuse him from Rule 4(a)(6)'s plain instructions, particularly where there is no exception for pro se litigants under Rule 4(a)(5). *Id.* at 268–69; *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). And finally, Martin has not attributed his delay in appealing to any misconduct by officials at the institution where he is incarcerated. *See Poole*, 368 F.3d at 269. Were such circumstances to exist, we are confident that, as the Third Circuit recognized, "we have the tools to ensure that the right to appeal is not defeated." *Id.*

For these reasons, we hold that Rule 4(a)(6) requires that a party file a motion before the district court to reopen the time to file an appeal.

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk