RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 22a0238p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

JOSEPH REHO, III,

                *Petitioner-Appellant*,

    *v.*

UNITED STATES OF AMERICA,

                *Respondent-Appellee*.

No. 22-3784

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
Nos. 1:20-cr-00775-1; 1:22-cv-00454—Patricia A. Gaughan, Chief District Judge.

Decided and Filed: November 14, 2022

Before: BOGGS, THAPAR, and READLER, Circuit Judges.

─────────────────

**LITIGANT**

**ON PLEADINGS:** Joseph Reho, III, Petersburg, Virginia, pro se.

─────────────────

**ORDER**

─────────────────

On September 13, 2022, eighty-three days after the district court entered judgment denying his 28 U.S.C. § 2255 motion, Joseph Reho, proceeding pro se, moved for an extension of time to apply for a certificate of appealability and to proceed *in forma pauperis* on appeal. If Reho's motion was a notice of appeal, it was three weeks late, and we must dismiss for lack of jurisdiction. *See* 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B)(i). But Reho's motion, which repeatedly asks for an extension of time, is better construed as a motion for extension of

time to file a notice of appeal. *See* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A). Accordingly, we remand for the district court to consider whether to grant Reho's motion.

Generally, a section 2255 petitioner who wishes to appeal must file a notice of appeal within sixty days after entry of judgment. 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B)(i). Compliance with this deadline is a mandatory jurisdictional prerequisite, which means that we lack jurisdiction to consider late appeals and cannot waive the deadline. *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415–16 (6th Cir. 2010). But the district court may extend the time to file a notice of appeal based on "excusable neglect or good cause" if the losing party moves for an extension within thirty days of the expiration of the time to file a notice of appeal. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A). The district court may also reopen the time to file a notice of appeal if the losing party did not receive proper notice of the judgment. 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(6).

This court construes pro se habeas petitions liberally. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985) (per curiam). For instance, we regularly construe notices of appeal as applications for a certificate of appealability. *See, e.g.*, *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). We have also construed motions for extension of time as notices of appeal. *See Isert v. Ford Motor Co.*, 461 F.3d 756, 762 (6th Cir. 2006). While we have refused to construe simple notices of appeal as motions to extend or motions to reopen, *Pryor v. Marshall*, 711 F.2d 63, 65 (6th Cir. 1983); *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017), we have treated notices of appeal that could reasonably be interpreted as motions for extension or to reopen as motions for extension or to reopen. *Young v. Kenney*, 949 F.3d 996, 997 (6th Cir. 2020).

Here, the issue is whether Reho's September 13, 2022, motion is best construed as a notice of appeal or as a motion for extension of time to file a notice of appeal. Construing Reho's filing liberally, we conclude that he moved for an extension of time to file a notice of appeal. While the district court docketed the document as a notice of appeal, Reho's motion requested, in the opening paragraph, "a extention of time to filed a certificate of Appealability . . . and to proceed inform a peuperis on appeal," and, in the final paragraph, repeated the request "for the extention of time to file." Pet'r's Mot. 1, 3 (errors in original). Reho also offered an explanation for his delay and asked the court for a pro bono attorney.

Admittedly, Reho's motion appears to ask for an extension to apply for a certificate of appealability rather than for an extension to file a notice of appeal. But his motion is a far cry from the simple notices of appeal that we have refused to construe as motions for extension. *See Pryor*, 711 F.2d at 65. And it is much closer to a motion for extension than the notice of appeal that we treated as a motion for extension in *Young*, because Reho explicitly and repeatedly asks for an extension. Reho's motion reads as a motion for extension of time to file a notice of appeal and will be treated as such.

We therefore **REMAND** to the district court to determine whether Reho has shown excusable neglect or good cause so as to merit an extension of time to file a notice of appeal. *See Bell v. McAdory*, 820 F.3d 880, 884 (7th Cir. 2016) (citing 28 U.S.C. § 2106). If the district court, on remand, grants Reho's motion for extension of time pursuant to 28 U.S.C. § 2107(c), Reho must file a separate notice of appeal in the district court before this court can consider his application for a certificate of appealability.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk