RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0270p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

DA'RELL ANTOIN WINTERS,

*Petitioner-Appellant,*

*v.*

No. 21-2615

KRISTOPHER TASKILA, Warden,

*Respondent-Appellee.*

─────────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:18-cv-12668—George Caram Steeh III, District Judge.

Argued: December 6, 2023

Decided and Filed: December 15, 2023

Before: SUTTON, Chief Judge; WHITE and BUSH, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Sarah Welch, JONES DAY, Cleveland, Ohio, for Appellant. Scott R. Shimkus, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee. **ON BRIEF:** Sarah Welch, Amanda R. Parker, JONES DAY, Cleveland, Ohio, for Appellant. Scott R. Shimkus, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellee.

─────────────────

## OPINION

─────────────────

SUTTON, Chief Judge. Da'Rell Winters sought to appeal the district court's decision denying his application for habeas relief. But he did not receive the district court's notice in time to appeal. When he eventually did file a notice of appeal on his own behalf, he explained the reason for his delay without formally seeking to reopen the time to appeal. This explanation,

we hold, sufficed to allow the district court to construe his notice as a motion to reopen. We therefore deem his appeal timely.

I.

A jury convicted Winters of armed robbery in 2014. After a protracted series of appeals in the Michigan state courts, Winters applied to a federal court for habeas relief in 2018. Representing himself, Winters argued that his conviction was not supported by sufficient evidence, that there was an error in the jury instructions, that the trial court committed several errors at sentencing, and that the court erred in denying several other motions. On March 10, 2021, the federal district court denied Winters's habeas application and denied a certificate of appealability.

The district court's order and judgment, as it happened, took months to reach Winters. The court mailed the documents to Winters at the St. Louis Correctional Facility on March 10. But Winters was no longer there, prompting the post office to return the orders as undeliverable. The court re-sent the documents to Winters at a different prison, and he received them "on or about" May 18. R.17 at 1.

On June 1, Winters filed a notice of appeal with respect to the district court's March 10 judgment. The filing consisted of two sentences:

> Notice is hereby given that Da'Rell Winters, petitioner in the above named case, hereby appeals to the United States Court of Appeals for the Sixth Circuit from the final judgment dismissing his habeas corpus petition entered in this action on the 10 day of March, 2021. Petitioner received this judgement via prison legal mail and was signed on or about the 18th of May, 2021. *Id.*

The district court served a copy of the notice of appeal on this Court, and we dismissed the appeal. Winters had 30 days after the district court's March 10 decision to file a notice of appeal, we noted, meaning he had to file the appeal by April 9, 2021. Winters's June 1 notice of appeal missed that deadline. A party who does not timely receive notice of a district court's judgment, it is true, may move the district court to reopen the time to file an appeal. *See* Fed. R. App. P. 4(a)(6). But the district court had not considered or granted such a motion at that point.

We accordingly dismissed Winters's appeal on August 26, 2021, and directed that "[a]ny effort to reopen the time for appeal should take place, if at all, in the district court." Dkt. 7 at 2.

Winters moved the district court to reopen the time to appeal on September 2. The district court granted the motion. In doing so, it retroactively construed Winters's June 1 notice of appeal as a motion to reopen. With this reopened time limit, the district court concluded that Winters's June 1 notice of appeal was timely.

The case languished in the district court for over a year with no activity. After Winters sent a letter to our Court inquiring about this case and moved the district court to transfer his June 1 notice of appeal to our Court, the district court transferred the notice on December 8, 2022. We reinstated the case and appointed counsel, Sarah Welch, to represent Winters. We directed counsel to address "whether this appeal is timely and whether we have jurisdiction to hear it." Dkt. 13 at 1.

## II.

After a loss in the district court, the door to the appellate courts is open to all but not open for all time. Congress sets the time to appeal. In civil cases that do not involve the federal government, it says, "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a).

This 30-day deadline has a few exceptions, two of which bear on this appeal and both of which appear in a federal statute (28 U.S.C. § 2107) and the Appellate Rules (Rule 4). Under the statute, an aspiring appellant who misses the deadline may seek an extension of time or seek to reopen the time-for-appeal window. Extension: "The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing an appeal, extend the time for appeal upon a showing of excusable neglect or good cause." 28 U.S.C. § 2107(c). Reopening: "[I]f the district court finds—(1) that a party entitled to notice of the entry of judgment or order did not receive such notice . . . within 21 days of its entry, and (2) that no party would be prejudiced, the district court may, upon motion . . . reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal." *Id.*

Consistent with the statute, Rule 4(a)(5) of the Federal Rules of Appellate Procedure permits time extensions. It says that a district court "may extend the time to file a notice of appeal" if "a party so moves" within 30 days after the time to appeal expires, and if "that party shows excusable neglect or good cause." Likewise, Rule 4(a)(6) permits the district court to reopen the time to appeal. It says that a district court "may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if . . . (A) the court finds that the moving party did not receive notice" within 21 days of the entry of judgment, "(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . , whichever is earlier; and (C) the court finds that no party would be prejudiced." These timetables, found in the statute and the Appellate Rules, limit a federal appellate court's subject matter jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 213–14 (2007) (treating time limits in the Appellate Rules as jurisdictional when they turn on a congressional time limit).

The deadlines apply to habeas cases. Habeas proceedings are "proceeding[s] of a civil nature," making them subject to the ordinary time limits on filing a notice of appeal for civil cases. 28 U.S.C. § 2107(a); *see also* Rules Governing Section 2254 Cases in the United States District Courts 11(b) ("Federal Rule of Appellate Procedure 4(a) governs the time to appeal" a district court's denial of habeas relief); *Bowles*, 551 U.S. at 213, 215 (applying the time limits to a habeas case).

Our jurisdiction over this appeal thus turns on whether Winters complied with the pertinent filing deadlines. All agree that Winters missed the initial 30-day deadline for filing a notice of appeal. He therefore needed to file either a motion to extend the appeal deadline within 30 days of the district court's March 10 judgment (by April 9) or a motion to reopen the time to appeal within 14 days of his May 18 receipt of notice of the judgment (by June 1). Had Winters filed a motion to reopen on June 1, this case would be easy. But he did not. He instead filed a notice of appeal.

At stake is whether we can fairly construe this June 1 notice of appeal as a motion to reopen.

In resolving this issue, the parties share some common ground. They agree that the form of a pleading does not by itself control the inquiry. A pro se prisoner could comply with these filing deadlines even if he captions a request with the wrong label or fails to satisfy a non-significant requirement of a notice of appeal. *See Young v. Kenney*, 949 F.3d 995, 997 (6th Cir. 2020) (per curiam) (construing a filing styled as a "notice of appeal" as a Rule 4(a)(5) motion for an extension); *Reho v. United States*, 53 F.4th 397, 399 (6th Cir. 2022) (order) (treating a motion for an extension of time to file a certificate of appealability as a motion for an extension of time to file an appeal); *Smith v. Barry*, 502 U.S. 244, 249 (1992) (explaining that the rules "do not preclude an appellate court from treating a filing styled as a brief as a notice of appeal"); *Becker v. Montgomery*, 532 U.S. 757, 765–66 (2001) (finding no jurisdictional bar to accepting a notice of appeal that did not satisfy the signature requirement); Fed. R. App. P. 3(c)(7) ("An appeal must not be dismissed for informality of form or title of the notice of appeal . . . ."). Substance, not style, function, not form, drives the inquiry.

The parties also agree that a single pleading may serve more than one function—for example, that a brief may serve as a notice of appeal and that a notice of appeal may serve as a motion for an extension of time. Confirming the point, the Supreme Court has held that, even though the Appellate Rules "envision that the notice of appeal and the appellant's brief will be two separate filings," they may be the same document under some circumstances. *Smith*, 502 U.S. at 249. The Appellate Rules specifically permit dual filings in some settings. They say, for example, that a habeas petitioner's notice of appeal may be treated as a certificate of appealability. Fed. R. App. P. 22(b)(2).

The parties, last of all, agree that two cases provide the bookends to this inquiry: *Martin v. Sullivan*, 876 F.3d 235 (6th Cir. 2017) (per curiam), and *Young v. Kenney*, 949 F.3d 995 (6th Cir. 2020) (per curiam). In *Martin*, a pro se prisoner filed a late notice of appeal without filing a separate motion to reopen. 876 F.3d at 236, 238. The notice read as follows: "Notice is hereby given that [Petitioner] appeals to the United States Court of Appeal for the Sixth Circuit from the Judgment entered in this action on 5/31/17." Notice of Appeal at 1, *Martin v. Sullivan*, No. 2:17-cv-10815-DPH-DRG (E.D. Mich. July 28, 2017), ECF No. 11. This barebones notice of appeal, we explained, could not be construed as a motion to reopen. *Martin*, 876 F.3d at 237. "[I]f a

losing party wants more time to file an appeal, it must file a motion in the district court asking for more time." *Id.* "[M]erely filing a notice of appeal does not amount to a motion for more time to file an appeal." *Id.*

In *Young*, a habeas petitioner filed a notice of appeal eight days late. 949 F.3d at 996. While the notice did not seek an extension of time, it acknowledged the lateness of the appeal and included a thorough explanation for the delay. *See* Notice of Appeal at 1–2, *Young v. Kenney*, No. 5:19-cv-00135-TBR (W.D. Ky. Dec. 30, 2019), ECF No. 18. Young "state[d] that he did not see" the judgment when it issued because "he was placed on dry cell protocol." *Young*, 949 F.3d at 996. He then explained that he went to a different prison and was "placed in the prison's psychiatric unit 'pending a mental health evaluation and stabilization.'" *Id.* at 997. He added "that inmates in the psychiatric unit are not permitted to have property in their possession," and attached an exhibit confirming this account. *Id.* We held that this notice of appeal "effectively read[]" as a Rule 4(a)(5) motion for an extension of time and could "be treated as such." *Id.*

Against this backdrop, it is easy to see what separates the parties: a disagreement over whether this case is more like *Martin* or *Young*.

In our view, a key dichotomy emerges from the two cases. In one direction, a barebones notice of appeal that is late will not serve by itself as a motion for an extension or a motion to reopen. That is the *Martin* rule, and it mirrors the decisions of other courts of appeals from across the country. *See Poole v. Fam. Ct. of Newcastle Cnty.*, 368 F.3d 263, 268 (3d Cir. 2004) (motion to reopen); *Ladeairous v. Garland*, 45 F.4th 188, 192 & n.3 (D.C. Cir. 2022) (motion to reopen); *see also* 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3950.3 n.54 (5th ed. 2019) (collecting cases concerning motions for extension). In the other direction, a notice of appeal that adds other information—say, that the appeal is late, that explains what happened, that explains why the appellant could not have filed it earlier—may in some circumstances be construed as a motion for extension or to reopen even though it does not explicitly use those words.

The district court in this instance did not exceed its discretion in treating this notice of appeal as a motion to reopen. In the first place, this was not a barebones notice of appeal. In addition to appealing the judgment below, it contained an explanation for the delay. "Petitioner," it said, "received this judgement via prison legal mail and was signed on or about the 18th of May, 2021." R.17 at 1. *Martin* thus does not directly control this case.

In the second place, this notice of appeal functionally satisfied the requirements for a motion to reopen. Under Rule 4(a)(6), a motion to reopen must satisfy three requirements: (1) The appellant must file the request no later than 14 days after receiving notice of the district court's decision, (2) the court must find "that the moving party did not receive notice . . . of the entry of judgment . . . within 21 days after entry," and (3) the court must find "that no party would be prejudiced." Fed. R. App. P. 4(a)(6). Winters filed the pleading within 14 days of obtaining notice of the district court's decision. And his pleading acknowledged its tardiness—that Winters did not receive notice of the district court's decision until May 18, 2021. The notice, it is true, does not address the last requirement for a motion to reopen—that the opposing party will not suffer "prejudice." But it is difficult to see what Winters could have said about this issue anyway. It is usually not within an appellant's ken to know how the opposing party might or might not be prejudiced by reopening the appeal period. The point makes no difference today anyway. To his credit, counsel for the Warden acknowledged this reality at oral argument and denied that the Warden would be prejudiced here. All in all, the district court did not exceed its discretion in treating this notice of appeal as a motion to reopen.

In addition, it bears adding, Winters did not need to file a new notice of appeal after the district court granted the motion to reopen. A notice of appeal filed too early, generally speaking, ripens when the window to appeal begins. *See Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997); *Bonner v. Perry*, 564 F.3d 424, 428 (6th Cir. 2009); *see also FirsTier Mortg. Co. v. Inves. Mortg. Ins. Co.*, 498 U.S. 269, 273 (1991) (recognizing that "unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee," so it makes little sense for "the technical defect of prematurity" to "extinguish an otherwise proper appeal"). Rule 4(a)(2) says that notices of appeal filed early—those filed "after the court announces a decision or order

[] but before the entry of the judgment or order"—are "treated as filed on the date of and after the entry."

That Winters has timely filed his appeal does not perfect his appeal in full. Recall that he is a habeas applicant and that the district court rejected his certificate of appealability. He thus must obtain permission from us to file the appeal. Winters has not filed a certificate of appealability in our court. But consistent with Fed. R. App. P. 22(b)(2), we may treat his notice of appeal as a certificate of appealability. In due course, we will consider that separate jurisdictional requirement. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

A final point. One could fairly wonder when it might be appropriate to draw the line on how many functions a single pleading may serve. A critic of our approach might characterize our forgiving assessment of this two-sentence pleading in this way: (1) It looked like a notice of appeal but we did not treat it as one because it was late; (2) it then looked like a motion for an extension of time (given the excuse in it) but we did not treat it as one because that too would have been late; (3) it then became a motion to reopen, which was not late; and (4) it then served as a certificate of appealability. We appreciate the point. We appreciate as well that the courts of appeal are not all in tune on these issues. *Compare, e.g.*, *Poole*, 368 F.3d at 269 (3d Cir. 2004), *with Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997) (per curiam) (construing notice of appeal as motion to reopen); *Parrish v. United States*, 74 F.4th 160, 163 (4th Cir. 2023) (one document cannot serve as both a notice of appeal and a motion to reopen), *with United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (one document can serve as both a notice of appeal and a motion to reopen). As it happens, there is a body whose charge it is to review issues of precisely this sort (the Advisory Committee on the Federal Rules of Appellate Procedure) and a statute (the Rules Enabling Act, 28 U.S.C. §§ 2071–77) that is designed to create a process for improving the rules where needed. That may be a profitable next stage for this debate.

We conclude that Winters's appeal is timely. The Clerk's Office is directed to set a briefing schedule over whether to grant a certificate of appealability in this appeal.