**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-6616

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GURBIR SINGH GREWAL, a/k/a Gavin,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00491-D-1; 5:23-cv-00301-D)

Submitted:  August 29, 2025                          Decided:  October 27, 2025

Before AGEE, RUSHING, and BERNER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Gurbir Singh Grewal, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gurbir Singh Grewal seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We previously remanded to the district court for a determination of whether Grewal satisfied the requirements of Fed. R. App. P. 4(a)(6) to reopen the appeal period. *United States v. Grewal*, No. 24-6616, 2024 WL 4512072 (4th Cir. Oct. 17, 2024). The district court reopened the appeal period, so we have jurisdiction over this appeal.[*]

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).

On appeal, we limit our review to the issues that Grewal raised in the district court and that he also raises in his informal brief. *See Milla v. Brown*, 109 F.4th 222, 234 (4th Cir. 2024) ("Issues raised for the first time on appeal are generally not considered absent exceptional circumstances."); *see also* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170,

---

[*] On remand, the district court reopened the appeal period in accordance with Rule 4(a)(6) and directed Grewal to refile his notice of appeal with 14 days after entry of its order. Grewal failed to refile his notice of appeal by the district court's deadline. However, the Supreme Court recently held in *Parrish v. United States*, 145 S. Ct. 1664, 1675 (2025), that Rule 4(a)(6) does not require the filing of a new notice of appeal after the reopening of the appeal period. Accordingly, Grewal's initial notice of appeal confers jurisdiction.

177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief."). We have independently reviewed the record and the issues Grewal preserved, and we conclude that Grewal has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*