**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARL MARSHALL,

    Defendant-Appellant.

No. 98-3079
(D. Kan.)
(D.Ct. No. 97-CV-3040)

———————————————————

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Marshall, a federal inmate and a *pro se* litigant, appeals the District

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Court's judgment denying his motion for relief under 28 U.S.C. § 2255. We exercise jurisdiction and affirm the judgment of the district court.

Mr. Marshall was convicted of a conspiracy to distribute more than fifteen kilograms of cocaine base and three other drug distribution counts. He received a life sentence in prison. Mr. Marshall appealed and we affirmed the conviction and sentence. *United States v. Williamson*, 53 F.3d 1500 (10th Cir.), *cert. denied*, 516 U.S. 882 (1995).

Mr. Marshall filed a § 2255 motion, contending: (1) denial of effective assistance of counsel as his retained counsel conceded guilt on three substantive distribution counts in closing argument; (2) the trial court improperly did "not allow the jury to know their U.S. Constitutional duties," asserting the jury should have been instructed it could find him not guilty if it believed the criminal statute involved was unconstitutional; (3) denial of equal protection because cooperating witnesses received shorter sentences than defendants, like himself, who proceeded to trial; (4) the trial court lacked jurisdiction over the crimes charged, as the United States Constitution reserves the power to prosecute drug offenses to the states; (5) prejudice by the grand jury due to prosecutorial misconduct, specifically "bring[ing] up evidence of an on going murder investigation"; (6) the

prosecutor vindictively prosecuted him for her own personal gain; and (7) the trial was based upon "fraudulent gained evidence," in that telephone records introduced at trial were fraudulently obtained.

The district court, in a six-page Memorandum and Order, denied Mr. Marshall relief. The district court concluded: (1) Mr. Marshall's claim of ineffective assistance of counsel fails under *Strickland v. Washington*, 466 U.S. 668 (1984), as his counsel made a clearly strategical decision to portray Mr. Marshall as a small-time drug dealer and not a ringleader of a major drug conspiracy; and (2) the remaining six claims are barred as they could have been raised on direct appeal, and Mr. Marshall offered no explanation to meet the "cause and prejudice" test or the "fundamental miscarriage of justice" test.

Mr. Marshall appeals the decision of the district court and in doing so raises a single issue, contending the district court erred in concluding he did not receive ineffective assistance of counsel, nor any resulting prejudice of ineffective counsel.

## Jurisdiction

The clerk of the district court mailed a copy of the trial court's decision to

Mr. Marshall at the penitentiary in Florence, Colorado rather than at the penitentiary in Beaumont, Texas. Believing his § 2255 motion to be still pending, Mr. Marshall filed a motion for an evidentiary hearing. The clerk then mailed a copy of the Memorandum and Order to the correct Beaumont address. Mr. Marshall moved the district court for an order tolling the time for appeal. Although noting the 180-day savings period allowed under Fed. R. App. P. 4(a)(6) had expired, the Government did not object to Mr. Marshall's request. Mr. Marshall also filed a motion for a Certificate of Appealability. Mr. Marshall then filed his *pro se* notice of appeal. The district court granted Mr. Marshall's motion to toll the time and granted Mr. Marshall's request for a Certificate of Appealability on only one issue, "whether Mr. Cornwell's closing statement constituted ineffective assistance of counsel."

This chain of events gives rise to a novel issue in this circuit – whether a district court's grant of a Fed. R. App. P. 4(a)(6)[1] motion validates a notice of appeal filed prior to the entry of such an order. We adopt the reasoning set forth

---

[1] Fed. R. App. P. 4(a)(6) provides the district court may, upon motion filed within 180 days of entry of the judgment or within seven days of the receipt of such notice, whichever is earlier, reopen the time for appeal for a period of fourteen days, if it finds a party entitled to notice of the entry of a judgment did not receive such notice within twenty-one days of its entry and no party would be prejudiced.

in *Hinton v. City of Elwood*, 997 F.2d 774 (10th Cir. 1993).  In *Hinton*, we concluded the district court's approval of Appellant's otherwise untimely notice of appeal validated his subsequent motion to extend the time to file the notice of appeal.  The *Hinton* court further stated, "to require the filing of a new notice of appeal would amount to little more than empty paper shuffling."  *Id.* at 778 (internal quotation marks omitted).  We therefore conclude we have jurisdiction to reach the merits of Mr. Marshall's appeal and exercise our jurisdiction.[2]

## Ineffective Assistance of Counsel

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings *de novo*, and its factual findings for clear error.  *See United States v. Cox*, 83 F.3d 336, 338 (10th Cir. 1996).  Ineffective assistance of counsel claims involve mixed questions of law we review *de novo*.  *See United States v. Prows*, 118 F.3d 686, 691 (10th Cir. 1997).

We begin by noting the essential facts.  The Government proved beyond a

---

[2] Mr. Marshall also seeks to supplement the record on appeal.  Five of the documents requested are already included in the record transmitted to this court, *i.e.*, documents numbered 334-336, 338 and 345.  The remaining documents, numbered 342, 347 and 360 (which are, respectively, a Notice of Mr. Marshall's changed address, and two return mail receipts, dated July 7, 1997, and February 17, 1998), are not necessary for our review as we exercise our jurisdiction.

reasonable doubt Mr. Marshall acted as kingpin of a long-running and successful crack and powder cocaine distribution conspiracy. *See Williamson*, 53 F.3d at 1506-08. The Government presented evidence of three hand-to-hand drug distributions between Mr. Marshall and an undercover police officer, with one exchange recorded on audio and video tapes. During closing argument, Mr. Cornwell, counsel for Mr. Marshall, conceded his guilt on the three distribution counts (the three hand-to-hand drug exchanges), but never conceded Mr. Marshall's guilt on the most serious offense, the drug conspiracy.

The district court, which also presided over Mr. Marshall's five-week trial, concluded:

> Mr. Marshall argues that his retained trial counsel, Mr. Carl Cornwell, an experienced criminal defense lawyer, was ineffective when he stated to the jurors in his closing argument that they should find Mr. Marshall guilty on three counts of distribution of small amounts of drugs, but not guilty on the conspiracy count. In *United States v. Williamson*, 53 F.3d 1500 (10th Cir.), *cert. denied*, 116 S. Ct. 218 (1995), the Tenth Circuit addressed this exact issue with respect to one of Mr. Marshall's co-conspirators, Ms. Clarissa Williamson. The Tenth Circuit concluded that the strategy utilized by Ms. Williamson's attorney in his closing, which involved conceding Ms. Williamson's guilt with respect to lesser counts of distribution of small amounts of drugs and denying her involvement with the conspiracy, did not constitute ineffective assistance of counsel. *Id.* at 1511-12. Like Ms. Williamson's attorney, Mr. Cornwell, "... in the exercise of professional judgment, primarily focused on attempting to obtain an acquittal for his client on the

conspiracy charge, rather than particular substantive distribution charges." *Id.* at 1512.  Because the Government's evidence at trial concerning Mr. Marshall's culpable involvement in the three counts of distribution of small amounts of drugs was overwhelming, the court concludes that Mr. Cornwell's strategy ... was not deficient and did not prejudice the plaintiff's defense.

Against this factual backdrop, Mr. Marshall correctly argues the admission by counsel of his client's guilt to the jury represents an example of the sort of breakdown in the adversary process that triggers a presumption of prejudice. However, Mr. Marshall's argument fails when the focus is on the entire record. The record in the case before us is more than ample to overcome the presumption of prejudice.  Mr. Marshall's attorney remained a legal advocate who acted with undivided allegiance and faithful, devoted service to him.  The district court correctly referred to *Williamson* as presenting the identical situation to the case at hand.  There is no sense repeating this analysis which is found in *Williamson*, 53 F.3d at 1510-12.  We are not alone is so holding.  *See United States v. Simone*, 931 F.2d 1186 (7th Cir.), *cert. denied*, 502 U.S. 981 (1991), where counsel admitted guilt on individual drug trafficking offenses and attempted to persuade the jury of the defendant's innocence on the major charge.  Suffice it to say, the district court correctly decided Mr. Marshall's contentions concerning ineffective assistance of counsel.  Given that determination, we cannot find his attorney's performance deficient under the "objective standard of reasonableness." *See*

*Strickland*, 466 U.S. at 687-88.


The judgment of the district court is **AFFIRMED** for substantially the same reasons set forth by the district court.


                                          **Entered by the Court:**

                                          **WADE BRORBY**
                                          United States Circuit Judge