23-7683-pr
*Zimmerman v. Randall*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Nicholas Zimmerman,

> *Plaintiff-Appellant*,

v.                                                                      23-7683-pr

Kevin Randall, Stephen Brown, Former Deputy of Security at Clinton Correctional Facility, Mark Rief,

> *Defendants-Appellees*,

Steven Racette, Former Superintendent of Clinton Correctional Facility, Former First Deputy D. Quinn, SHU Orzech, Christopher Gadway, Officer Mailloux, Richard Adams, FKA Robert Adams, Doctor, Clinton Correctional Facility, Nurse Administrator

Johnson, Officer C. Stickney, Officer R. Lee, Deputy of Security E. Bell, Michael Kirkpatrick, Superintendent Clinton Correctional Facility, Hearing Officer Lieutenant Minard, Commissioner Hearing Officer Bullis, Director of SHU Albert Prack, SHU Sergeant Delisle, Sergeant Hicks, K. Delisle, Librarian, Macintosh, Current Deputy of Programs Clinton Correctional Facility, Unit Chief of Mental Health J. Woldron, Officer S. Beaudette, Officer P. Devlin, Director of SHU Bezio, D. Venettozzi, Director of SHU, Nurse Administrator C. Simpson, Melody Cayea, Head Mail Clerk Clinton Correctional Facility, Dr. Gilani, Doctor Sawyer, Jonathan St. Louis, Correction Officer Clinton Correctional Facility, Wessley Chappel, Correction Officer Clinton Correctional Facility, Decotour, Correction Officer Clinton Correctional Facility, Harry Durgan, Correction Officer Clinton Correctional Facility, Deputy Zerniak, Clinton Correctional Facility, Nurse Kahn, Clinton Correctional Facility, J. Miller, Clinton Correctional Facility, Rabbi Zajac, Clinton Correctional Facility, Deputy LaManna, Clinton Correctional Facility, S. Benson-Perry, Clinton Correctional Facility, Jeff McKoy, Deputy Commissioner of Program Services, DOCCS, Joseph Bellnier, DOCCS, J. Krygier, Wende Correctional Facility, Deputy Keysor, Sgt. Dumar, Lisa J. Clemons,

*Defendants*.

---

FOR PLAINTIFF-APPELLANT:

Nicholas Zimmerman, *pro se*, Elmira, New York.

FOR DEFENDANTS-APPELLEES:

Kate H. Nepveu, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Jeffrey W. Lang, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of

2

New York, Albany, New York.

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Christian F. Hummel, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 27, 2023 judgment, and September 17, 2024 order of the district court are **AFFIRMED**.

Appellant Nicholas Zimmerman, proceeding *pro se*, appeals from the district court's judgment in favor of the defendants as to his claims brought pursuant to 42 U.S.C. § 1983 for various violations of his First, Eighth, and Fourteenth Amendment rights, as well as the district court's denial of his motion for a new trial brought pursuant to Federal Rule of Civil Procedure 59.

In particular, Zimmerman sued numerous New York state prison officials, alleging that he was retaliated against, in violation of the First Amendment, subjected to unconstitutional conditions of confinement, in violation of the Eighth Amendment, and denied procedural due process during disciplinary hearings, in violation of the Fourteenth Amendment, among other claims. The district court initially dismissed *sua sponte* certain of Zimmerman's claims in a screening order pursuant to 28 U.S.C. § 1915. Some of Zimmerman's other claims, including certain First and Eighth Amendment claims, were subsequently dismissed after the district court granted the defendants' first motion for partial summary judgment.[1] Later, during the COVID-

---

[1] On appeal, Zimmerman does not challenge the district court's dismissal of these claims in connection with the first summary judgment motion and, thus, has abandoned these claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

19 pandemic, the district court permitted the defendants to file a second motion for summary judgment. The district court partially granted that motion, awarding the defendants summary judgment on the remaining First Amendment claims, various Eighth Amendment claims, and the Fourteenth Amendment procedural due process claims, but denied summary judgment as to an Eighth Amendment conditions of confinement claim. After the parties proceeded to a jury trial to adjudicate the remaining Eighth Amendment claim—where Zimmerman appeared *pro se* with standby counsel—the jury found in favor of the defendants. Zimmerman then moved for a new trial pursuant to Federal Rule of Civil Procedure 59, which the district court denied. Zimmerman appealed the judgment, including both the district court's partial grant of the second summary judgment motion and the district court's denial of his Rule 59 motion.[2]

## I.        Second Summary Judgment Motion

We conclude that the district court's partial grant of the defendants' second summary judgment motion was proper.

---

[2]   We conclude that we have appellate jurisdiction to review the denial of the Rule 59 motion. In the district court, Zimmerman did not file a notice of appeal from the order denying the Rule 59 motion. However, within 30 days of the order, Zimmerman filed a letter in this Court seeking to appeal the denial of his Rule 59 motion. We construe that letter as a timely notice of appeal from the denial of the Rule 59 motion. *See Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018) (per curiam) ("We construe notices of appeal liberally, taking the parties' intentions into account." (internal quotation marks and citation omitted)); Fed. R. App. P. 4(a)(4)(v), 3(c)(7). Independently, the notice of appeal Zimmerman filed a day after filing his Rule 59 motion relates forward to the district court's order denying the Rule 59 motion and became effective upon the entry of that order, which rendered the previously entered judgment final. *Parrish v. United States*, 605 U.S. 376, 383 (2025) (reaffirming the principle that "an adequate but premature notice of appeal 'relates forward to the entry of the document that renders an appeal possible'"); *see* Fed. R. App. P. 3(c)(4); *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 120 (2d Cir. 2006) ("If a party files a notice of appeal after judgment has been entered but before the court has disposed of a timely filed Rule 59(a) motion for a new trial, the notice of appeal simply does not 'become effective' before an order disposing of that motion has been entered."); *Stone v. I.N.S.*, 514 U.S. 386, 402–03 (1995) ("The majority of post-trial motions, such as Rule 59, render the underlying judgment nonfinal both when filed before an appeal is taken (thus tolling the time for taking an appeal), and when filed after the notice of appeal (thus divesting the appellate court of jurisdiction).").

4

As an initial matter, Zimmerman argues that the district court impermissibly permitted defendants to file a second motion for summary judgment. That argument is without merit. "It is well established that district courts possess the inherent power and responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases." *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted). However, "successive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion." *Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012). Here, although the defendants' second summary judgment motion did not rely on new evidence or evidentiary rulings, given the unique circumstances presented by the COVID-19 pandemic and that *pro bono* counsel had agreed to assist Zimmerman in responding to the motion, the district court did not abuse its discretion by permitting the second summary judgment motion.

Zimmerman also broadly argues that the partial grant of summary judgment was unconstitutional, biased, and in violation of binding precedent. We are unpersuaded. First, the district court properly granted summary judgment to certain defendants as to the First Amendment and Eighth Amendment claims based on supervisory liability because Zimmerman did not show that those defendants were personally involved in the alleged unconstitutional conduct. *See Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." (internal quotation marks and citation omitted)). Second, with respect to Zimmerman's disciplinary hearings, the district court correctly concluded that Zimmerman did not produce evidence to sustain his procedural due process claim. *See Radwan*

*v. Manuel*, 55 F.4th 101, 123 (2d Cir. 2022) ("A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." (internal quotation marks and citation omitted)). Zimmerman offers no specific arguments on appeal challenging the district court's analysis of each due process hearing.

Accordingly, we conclude that the district court did not err in partially granting defendants' second motion for partial summary judgment.

## II. Rule 59 Motion for a New Trial

"We review a denial of a Rule 59 motion for a new trial under an abuse of discretion standard." *Ortiz v. Stambach*, 137 F.4th 48, 71 (2d Cir. 2025). A district court abuses its discretion "when (1) the decision rests on an error of law or a clearly erroneous factual finding, or (2) the decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Harris v. O'Hare*, 770 F.3d 224, 231 (2d Cir. 2014) (internal quotation marks and citation omitted).

On appeal, Zimmerman raises a myriad of challenges to the district court's denial of his Rule 59 motion. However, we conclude that the district court acted within its discretion in denying the motion for a new trial.

First, Zimmerman argues that the district court abused its discretion by concluding that he had waited until the eve of trial to request assistance with obtaining certain evidence. Although Zimmerman is correct that he raised the issue several weeks in advance of the trial, discovery in the case had been closed for years. In light of the lengthy period of time Zimmerman had to pursue this issue before trial, the district court's denial of his request was not

6

an abuse of discretion.

Second, Zimmerman contends that certain documents were improperly redacted during the trial. At trial, the district court allowed Zimmerman to introduce into evidence documents containing a mix of admissible and inadmissible statements, but required that Zimmerman redact the inadmissible portions. On appeal, Zimmerman does not explain how the district court abused its direction in concluding that statements regarding "a number of individuals who are not named as parties in the lawsuit" were inadmissible and ordering Zimmerman to redact those statements from his exhibits. Dist. Ct. Dkt. 178-1 at 194–95. *See United States v. Diaz*, 176 F.3d 52, 81 (2d Cir. 1999) ("We will not reverse the district court's determinations of admissibility of evidence unless it abused its discretion.").

Third, Zimmerman asserts that there was a conspiracy between the district court, the defendants, and the attorneys to prejudice the jury against him by permitting him to appear at trial in a prison uniform, shackles, and other visible restraints. However, Zimmerman had access to civilian clothes but chose not to wear them. Moreover, the record reflects that the district court repeatedly made efforts to confirm that the shackles were out of the jury's view.

Fourth, Zimmerman argues that the jury instructions were erroneous because he was entitled to an adverse inference charge for allegedly missing evidence. However, Zimmerman did not show that an adverse inference instruction was warranted. *See Hoffer v. Tellone*, 128 F.4th 433, 436–37 (2d Cir. 2025) (explaining that, before an adverse inference charge can be given, "a district court or a jury must find, by a preponderance of the evidence, that a party acted with the 'intent to deprive' another party of the lost information"). Zimmerman also challenges the jury instructions with respect to the Prison Litigation Reform Act's physical injury

requirement for compensatory damages, but he did not object to that charge at trial, and thus, has forfeited this ground for appeal.   Insofar as this forfeited argument is subject to review for plain error, we conclude that Zimmerman has demonstrated no error, plain or otherwise, in the district court's decision.   *See Anderson v. Branen*, 17 F.3d 552, 556–57 (2d Cir. 1994) ("This Court . . . will disregard the failure to object where there is plain error affecting substantial rights that goes to the very essence of the case, or where the party's position has previously been made clear to the trial court and it was apparent that further efforts to object would be unavailing." (internal citations omitted)).

*          *          *

We have considered Zimmerman's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment and order of the district court.[3]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3]   For the same reasons discussed herein, we deny Zimmerman's motion to overturn the judgment.